■ In the Matter of GENERAL BUILDING CONTRACTORS OF NEW YORK STATE, INC., et al., Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Appellants. [620 NYS2d 859]

—Casey, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered September 2, 1994 in Albany County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* declare illegal the project labor agreement contained in bid specifications adopted by respondent State Dormitory Authority.

In *Matter of New York State Ch., Associated Gen. Contrs. v New York State Thruway Auth.* (207 AD2d 26 [decided herewith]) (hereinafter the *State Chapter* case), we held that a condition imposed by the State Thruway Authority in the bidding process for a public construction project which required the successful bidder and all of its subcontractors to comply with the provisions of a project labor agreement (hereinafter PLA) negotiated by the project manager and the unions that had jurisdiction over the work to be performed during the project was a valid specification which did not violate the relevant State competitive bidding statute. This appeal involves a similar condition imposed by respondent State Dormitory Authority in the bidding process for a major construction project at respondent Department of Health's Roswell Park Cancer Institute. In the *State Chapter* case, we explained that our holding should not be viewed as a blanket approval of the use of PLAs in all public construction projects. Rather, our holding was based upon a review of the particular PLA at issue and the facts and circumstances surrounding the Thruway Authority's decision to use the PLA. Applying the *State Chapter* case analysis to the PLA at issue in this case and the facts and circumstances surrounding the Dormitory Authority's decision to use the PLA, we find no violation of the relevant competitive bidding statute *(see,* Public Authorities Law § 1680; State Finance Law § 135).

As in the *State Chapter* case, there is no evidence in this case that the PLA requirement precludes nonunion contractors from bidding on the project. To the contrary, the PLA is expressly applicable regardless of whether the successful bidder is a union or nonunion contractor, and the Dormitory Authority encouraged both union and nonunion contractors to submit bids. That one or more nonunion contractors may have elected not to submit a bid does not, in and of itself, establish that the PLA requirement excluded nonunion contractors from the bidding process. Nor does the PLA require "union only" labor on the project. The PLA permits the contractor to retain a core of its current employees and requires that the

remainder be hired through a union hall referral process similar to that created by the PLA in the *State Chapter* case. Employees are required to join the union, but can elect to limit their membership to a "financial core membership". Such a requirement is effectively the same as the provision in the *State Chapter* case PLA, which did not require union membership, but required the payment of the equivalent of union dues. The PLA herein also prohibits discrimination in the union hall referral process on the basis of the nature of the prospective employees' union membership, and gives the contractor rights regarding the hiring and layoff of employees which are similar to those accorded by the *State Chapter* case PLA. We conclude, therefore, that the PLA in this case neither excludes nonunion contractors nor creates a "union only" labor precondition.

Assuming that the PLA requirement does result in some diminution of competition in the bidding process, the *State Chapter* case holds that the requirement does not violate this State's competitive bidding statutes if it was imposed for reasons which are in the public interest promoted by the competitive bidding statutes. As in the *State Chapter* case, the record herein establishes that a thorough investigation and analysis of the facts and circumstances of the proposed project led the project sponsor to conclude that the particular terms and conditions of the PLA were necessary for the efficient, safe and timely completion of the project. In particular, the Dormitory Authority considered the size and complexity of the project, the need to expedite the construction process and minimize disruptions and delays, the potential for labor unrest, and the need to establish a source of an adequate supply of labor in an area where a number of other sizeable construction projects had been proposed. These concerns are, in our view, consistent with the purpose of the lowest responsible bidder requirement of the relevant competitive bidding statute *(see, Matter of New York State Ch., Associated Gen. Contrs. v New York State Thruway Auth., supra)*, and the record establishes that the Dormitory Authority rationally exercised its judgment to conclude that the concerns could best be addressed by the PLA. In these circumstances, we find no violation of State Finance Law § 135. We need not address petitioners' constitutional claim *(see, Matter of New York State Ch., Associated Gen. Contrs. v New York State Thruway Auth., supra)*.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law,

without costs, that portion of the petition which seeks CPLR article 78 relief is dismissed and it is declared that the actions of respondent State Dormitory Authority regarding the project labor agreement do not violate State Finance Law § 135.